UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FARMERS DIRECT PROPERTY
AND CASUALTY INSURANCE COMPANY,

        Plaintiff,                              Case No. 24-C-841

     and

ROSY SACHEDEVA,

        Involuntary Plaintiff,

     v.

CASCADE FUNDING MORTGAGE TRUST
HB8 et al.,

        Defendants.

---

## ORDER REMANDING CASE

---

      This action arises out frozen pipes that burst in a condominium unit, causing extensive damage to the unit below owned by Involuntary Plaintiff Rosy Sachdeva. Sachdeva had an insurance policy with Plaintiff Farmers Direct Property & Casualty Insurance Company, which covered the damages. Farmers then filed a subrogation action in Waukesha County Circuit Court on May 29, 2024, asserting negligence against the owners of the unit containing the pipes—Defendants Cascade Funding Mortgage Trust HB8 and PHH Mortgage Corporation—and their insurer, Defendant Great Northern Insurance Company. Dkt. No. 5. Defendants filed for removal on July 5, 2024, given the diversity of all parties, alleging federal jurisdiction under 28 U.S.C. § 1332. Dkt. No. 8. However, on July 8, 2024, Farmers filed an amended complaint in both this court and the Waukesha County Circuit Court adding Defendant Rosemont Realty Group, LLC,

which it alleges is a Wisconsin limited liability company located in New London, Wisconsin. Dkt. No. 5. Farmers now moves this court to remand the matter to state court because, in its view, Rosemont and Sachdeva are both citizens of Wisconsin, destroying diversity. Dkt. No. 6.

The court held a telephone hearing on the pending motion on August 13, 2024. In the course of the hearing, counsel for Rosemont confirmed that the sole member of the limited liability company was a citizen of the State of Wisconsin, thereby making Rosemont a citizen of Wisconsin and destroying the required complete diversity in the event Rosemont remained a defendant. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (noting that the citizenship of limited liability companies is determined by the citizenship of its members). Cascade and PHH, however, have filed an objection to Plaintiffs' motion to remand the case on the ground that Plaintiffs have no claim against Rosemont and the addition of Rosemont as a defendant constitutes a fraudulent joinder.

"The fraudulent joinder doctrine . . . permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (internal quotation marks omitted). The Seventh Circuit has stated, however, that "the fraudulent joinder doctrine is not directly applicable to the post-removal context." *Id.* This is because the doctrine operates to allow the district court to assume jurisdiction notwithstanding the absence of complete diversity where the nondiverse defendant is already in the case and was allegedly named simply to protect against removal. *Id.* Where, as here, removal has already occurred, the court already has jurisdiction, and the question is whether joinder of a party that would destroy jurisdiction should be allowed. *See* 42 U.S.C. § 1447(e). That subsection states: "If after removal the plaintiff seeks to join additional

2

Case 1:24-cv-00841-WCG   Filed 08/14/24   Page 2 of 5   Document 21

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Under these circumstances, where the plaintiff has not sought the required leave to add a party pursuant to Fed. R. Civ. P. 21, the court may cure the defect by treating the plaintiff's amended complaint as an implied motion for leave to amend. *See Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 736 (7th Cir. 1986). Plaintiffs have requested that the court do so here, and in the interest of promptly resolving this threshold issue, the court will do so.

In deciding whether to permit joinder, the court considers the following equity factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schurr*, 577 F.3d at 759. Assuming Plaintiffs have a viable claim against Rosemont, these factors all favor allowing joinder. The request was timely and denying joinder would allow the defendants to point to Rosemont as the responsible party in this case while Plaintiffs would be forced to file a separate action against Rosemont in state court. The dispositive question, then, is "whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.* at 764 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

In their amended complaint, Plaintiffs allege that Rosemont was negligent in failing to properly maintain the unit above Ms. Sachdeva's unit, thereby allowing the pipes to freeze which led to the damage for which recovery is sought. Plaintiffs allege that Rosemont was "charged with managing and/or maintaining the unit pending sale." Am. Compl. ¶16, Dkt. No. 5. In a letter attached to his Declaration in Support of Remand, counsel for Plaintiffs states that Rosemont was hired by Cascade/PHH to maintain the vacant unit after Cascade purchased it at a Sheriff's Sale.

3

Dkt. No. 6-1 at 5. Plaintiffs claim that Rosemont was negligent in its failure to winterize the unit and that such negligence caused the damage at issue.

Cascade and PHH, on the other hand, contend that Plaintiffs' claim against Rosemont fails on its face because Rosemont had no contractual relationship with Cascade or with PHH. Cascade and PHH also contend that Rosemont was only a listing agent for the property and assert that the general duties of a listing agent are limited to "marketing the property, staging the property, negotiating with buyers, pre-approval assistance, market analysis, etc." Cascade/PHH Objection to Motion to Remand at 4, Dkt. No. 15. Absent any duty to the property owners, Cascade and PHH contend that Plaintiffs' claim against Rosemont fails as a matter of law.

But regardless of what duties listing agreements generally involve, Plaintiffs have alleged that Rosemont was charged with "managing and/or maintaining the unit pending its sale." While the contract between Cascade and Rosemont is not before the court, this allegation is sufficient to support the inference that Rosemont had a duty to make sure there was sufficient heat in the vacant unit to avoid a pipe freezing and then bursting, causing significant property damage. At this point in the proceedings, the court is required to accept as true the allegations of the complaint and the inferences reasonably drawn therefrom.

Cascade's argument that Rosemont owed no duty to Ms. Sachdeva seems to misunderstand Wisconsin law. Wisconsin adopted the view of the minority in the famous case of *Palsgraf v. Long Island R. R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928). Under this rule, "[t]he duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act." *A. E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis.2d 479, 483, 214 N.W.2d 764 (1974). Moreover, "[t]he lack of privity does not constitute a policy reason for not

imposing liability where negligence is shown to be a substantial factor in occasioning the harm." *Id.* at 488. It thus follows that if Rosemont had a duty to manage and/or maintain the vacant unit and if it was foreseeable that failing to maintain heat above freezing in the vacant unit would cause property damage to the unit beneath it, Ms. Sachdeva and her subrogated insurer may have a claim for negligence against Rosemont.

Of course, in deciding whether joinder should be allowed, it is not for this court to determine whether Plaintiffs will prevail on such a claim. The question before the court at this stage is whether Plaintiffs have any "reasonable possibility" of success against Rosemont. *Schur*, 577 F.3d at 766. Only if there is no reasonable possibility of success on the claim should the court refuse joinder of a nondiverse party. *Id.* at 764. On this record, the court is unable to say that Plaintiffs have no reasonable possibility of success on their negligence claim against Rosemont. Plaintiffs' Motion for Joinder (Dkt. No. 5) is therefore **GRANTED**, and because this court no longer has jurisdiction, Plaintiffs' Motion for Remand (Dkt. No. 6) is also **GRANTED**.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of August, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge